UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT DOUGAL,

Plaintiff,

-v- 1:23-CV-1167

ERIC LEWICKI *et al.*,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES: OF COUNSEL:

ROBERT DOUGAL
Plaintiff, Pro Se
294 Wilbur Road
Schuylerville, NY 12871

DAVID N. HURD
United States District Judge

**ORDER ON REPORT & RECOMMENDATION**

On September 12, 2023, *pro se* plaintiff Robert Dougal ("plaintiff") filed this action alleging that the named defendants violated his civil rights during an incident that happened on January 25, 2017 and, along with a series of other, related events, ultimately led to his state-court conviction on certain criminal charges. Dkt. No. 1. Along with his complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On October 3, 2023, U.S. Magistrate Judge Christian F. Hummel granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with *partial* leave to replead. Dkt. No. 3. With the R&R pending, plaintiff moved for the appointment of counsel to assist him. Dkt. Nos. 4, 6. This Court deferred decision on plaintiff's motion for counsel and adopted Judge Hummel's R&R over plaintiff's objection. Dkt. Nos. 5, 7. Thereafter, plaintiff filed an amended complaint on November 17, 2023. Dkt. No. 8.

On May 2, 2024, Judge Hummel denied plaintiff's motion to appoint legal counsel without prejudice, conducted an initial review of plaintiff's amended complaint, and advised in a second R&R that plaintiff's amended complaint be dismissed with limited leave to amend. Dkt. No. 9. As Judge Hummel explained, plaintiff's Fourteenth Amendment deliberate-indifference claims for municipal liability might be plausible. *Id.* But Judge Hummel concluded that plaintiff's various other claims against all of the other named defendants were barred by the statute of limitations and/or plaintiff's failure to support those claims with sufficient factual matter to survive a motion to dismiss. *Id.*

Plaintiff has lodged objections. Dkt. No. 10. In brief, plaintiff asserts that Judge Hummel's second R&R misstates, or perhaps mischaracterizes, certain allegations in his amended complaint. *Id.* By way of relief, plaintiff requests

that his amended complaint be dismissed without prejudice to give him one more chance to replead.

Upon *de novo* review, Judge Hummel's second R&R is accepted in part and will be adopted in part. *See* 28 U.S.C. § 636(b)(1)(C). In particular, the Court finds that, in light of plaintiff's *pro se* status, he is entitled to one more shot at repleading his claims. Although the Court will not dismiss any additional claims with prejudice at this time, plaintiff is cautioned that any claims and/or defendants that were already dismissed *with prejudice* in Judge Hummel's October 3 R&R, Dkt. No. 3, which was previously adopted in full by this Court on October 25, Dkt. No. 7, may not be repleaded.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 9) is ACCEPTED in part;

2. Plaintiff's amended complaint (Dkt. No. 8) is DISMISSED without prejudice;

3. Plaintiff shall have THIRTY DAYS in which to file a second amended pleading that conforms with the instructions set forth above;

4. If plaintiff files a second amended complaint within the thirty-day deadline, the pleading shall be returned to Judge Hummel for an initial review; and

5. If plaintiff does not file a second amended complaint within the thirty-day deadline, the Clerk of the Court is directed to enter a judgment dismissing this action without further Order of the Court.

IT IS SO ORDERED.

Dated: May 23, 2024
Utica, New York.

David N. Hurd
U.S. District Judge