UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT DOUGAL,

                    Plaintiff,

               -v-                    1:23-CV-1167

ERIC LEWICKI, et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

ROBERT DOUGAL
Plaintiff, *Pro Se*
294 Wilbur Road
Schuylerville, NY 12871

DAVID N. HURD
United States District Judge

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On September 12, 2023, plaintiff Robert Dougal commenced a civil rights

action pursuant to 42 U.S.C. §§ 1983 and 1985.[1]  Dkt. No. 1.  Along with his

---

[1] Plaintiff's original complaint names defendants Eric Lewicki, New York State Trooper; Christopher Martin, New York State Trooper ("Martin"); Nick Dziamba, New York State Trooper("Dziamba"); County of Saratoga (the "County"); Michael Zurlo, Saratoga County Sheriff ("Zurlo"); Brent Dupras, Retired Saratoga County Sheriff's Sergeant ("Dupras"); C.J. Brownell, Saratoga County Sheriff's Deputy ("Brownell"); William Brady, Former Saratoga County Sheriff's Deputy ("Brady"); Karen Heggen, Saratoga District Attorney ("Heggen"); Rachael Welch Phelan, assistant District Attorney ("Phelan"); Anna Besson, Assistant District Attorney ("Besson"); Daniel Waldron, Former Saratoga Town Justice ("Waldron"); Charles Sherman, Saratoga Town Justice ("Sherman"); John McCaron, Saratoga Town Justice ("McCaron"); Lee Kindlon, Defense Attorney ("Kindlon").  Dkt. No. 1.

complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP").
Dkt. No. 2. U.S. Magistrate Judge Christian F. Hummel reviewed plaintiff's
IFP application as well as the sufficiency of his complaint pursuant to 28
U.S.C. § 1915. Dkt. No. 3.

On October 3, 2023, Judge Hummel granted plaintiff's IFP application and
further advised by Report & Recommendation ("R&R") that plaintiff's
complaint be dismissed. Dkt. No. 3. Specifically, Judge Hummel
recommended that plaintiff's claims against defendants Michelle Granger,[2]
Heggen, Phelan, Besson, Waldron, Sherman, McCaron, and Kindlon be
dismissed with prejudice and without leave to amend. *Id.* Judge Hummel
advised that plaintiff's claims against the County, Lewicki, Martin, Dziamba,
Zurlo, Brownell, Dupras, Carey, and Brady be dismissed without prejudice
and with leave to amend. *Id.* Plaintiff filed a motion seeking the
appointment of counsel and filed a series of objections to Judge Hummel's
R&R on October 16, 2023. Dkt. Nos. 4–5.

On October 25, 2023, the Court accepted and adopted Judge Hummel's
R&R in all respects. Dkt. No. 7. Plaintiff was ordered to amend his pleading
within thirty (30) days. *Id.* The Court deferred judgment on plaintiff's

---

[2] Though Judge Hummel concluded that plaintiff intended to bring his action against Michelle
Granger, Saratoga County Attorney ("Granger"), the Court is unaware of any allegations in
plaintiff's original complaint that identify Granger. Dkt. No. 1. Nor is Granger identified in the case
caption. *Id.*

motion for the appointment of counsel and referred the motion to Judge

Hummel for consideration. *Id.* Plaintiff filed an amended complaint

asserting claims against defendants the County, Lewicki, Martin, Dziamba,

Zurlo, Brownell, Dupras, Carey, and Brady on November 17, 2023. Dkt. No.

8. Judge Hummel then reviewed of the sufficiency of plaintiff's amended

complaint in accordance with § 1915. Dkt. No. 9.

On May 2, 2024, Judge Hummel denied plaintiff's motion seeking the

appointment of counsel. Dkt. No. 9. Judge Hummel further advised by R&R

that plaintiff's Fourteenth Amendment claims for deliberate medical

interference against the County and Zurlo be dismissed without prejudice

and with leave to amend[3] and that plaintiff's remaining claims against all

other defendants be dismissed with prejudice. *Id.* Plaintiff objected to Judge

Hummel's R&R. Dkt. No. 10.

On May 23, 2024, the Court accepted and adopted Judge Hummel's R&R

in part and dismissed plaintiff's amended complaint *without prejudice.* Dkt.

No. 11. Plaintiff was given thirty (30) days to amend his complaint. *Id.* The

Court cautioned plaintiff that although plaintiff was permitted to amend his

---

[3] Specifically, Judge Hummel granted plaintiff one final opportunity to amend his claims for deliberate medical indifference against the County and Zurlo "connected with the October 25, 2022, denial of medication for almost 24-hours so that he may identify a specific official policy, custom, or practice of the [C]ounty; set forth non-boilerplate statements that demonstrate that defendants acted pursuant to that official policy or custom; that the deprivation of his medicine for almost 24 hours on October 25, 2022, [ . . .] was sufficiently serious; and demonstrate that defendants' conduct was intentional or reckless, or identify a specific deficiency in training and supervision in such a way that such deficiency actually caused the constitutional deprivation. Dkt. No. 9 (quotation omitted).

pleading, he was not permitted to replead any of the claims previously dismissed with prejudice in Judge Hummel's earlier R&R: his claims against Granger, Heggen, Phelan, Besson, Waldron, Sherman, McCarron, and Kindlon. *Id.* Plaintiff filed a second amended complaint setting forth claims against the County, Lewicki, Martin, Dziamba, Zurlo, Brownell, Dupras, Carey, and Brady on June 18, 2024. Dkt. No. 12. The case was thereafter reassigned to U.S. Magistrate Judge Paul J. Evangelista on January 17, 2025 for further proceedings. Dkt. No. 14.

On February 26, 2025, Judge Evangelista reviewed the sufficiency of plaintiff's second amended complaint pursuant to § 1915. Dkt. No. 15. Judge Evangelista advised by R&R that plaintiff's second amended complaint be dismissed without opportunity to amend any of his claims. *Id.*

Specifically, Judge Evangelista advised that (1) plaintiff's procedural due process and Fourteenth Amendment claims for unreasonable search and seizure against Lewicki in his individual capacity be dismissed with prejudice; (2) plaintiff's claims for stigma plus defamation, purportedly pursuant to the Fifth and Fourteenth Amendments against Lewicki in his individual capacity be dismissed without prejudice; (3) plaintiff's claims for excessive force, unreasonable search and seizure, malicious prosecution, false imprisonment, due process, and equal protection violations and conspiracy to commit all such constitutional violations against Martin, Dupras, Brownell,

and Carey in their individual capacities be dismissed with prejudice; (4) plaintiff's Fourth, Fifth, and Fourteenth Amendment claims for unreasonable search and seizure, excessive force, malicious prosecution, due process, and false imprisonment against Lewicki, Martin, Dupras, Brownell, and Carey in their individual capacities be dismissed without prejudice; (5) plaintiff's Fourth and Fourteenth Amendments for malicious prosecution against Zurlo, Brady, and Dziamba in their individual capacities be dismissed without prejudice; (6) plaintiff's Fifth and Fourteenth Amendment claims for due process and double jeopardy against Zurlo in his individual capacity be dismissed with prejudice; (7) plaintiff's Eighth Amendment claims against Zurlo in his individual capacity and the County be dismissed with prejudice; (8) plaintiff's claims against all individual defendants in their official capacities for monetary damages dismissed with prejudice; and (9) insofar as plaintiff's second amended complaint can be liberally read as raising a state-law defamation claim, the Court decline to exercise supplemental jurisdiction and such claims be dismissed without prejudice.  Dkt. No. 15.  Judge Evangelista further advised that plaintiff's request that the Court consider a decision in a small claims arbitration case, Dkt. No. 13, be denied.  *Id*.

Plaintiff has filed timely objections. Dkt. No. 16.[4] Plaintiff has largely attempted to restate the allegations contained in the complaint and properly considered by Judge Evangelista. *See* Dkt. Nos. 15–16. Even liberally construed, plaintiff's objections do not advance any meritorious arguments that warrant disturbing Judge Evangelista's R&R.

Upon *de novo* review, Judge Evangelista's R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b). The Court agrees with Judge Evangelista that, even assuming that the statute of limitations did not bar plaintiff's claims, plaintiff's first, second, third, fourth, and fifth causes of action are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) due to plaintiff's underlying conviction.[5] *See Diggs v. Guynup*, 621 F. Supp. 3d 315, 323 (N.D.N.Y. 2022) (quoting, 512 U.S. at 486–87) ("*Heck* holds that a Section 1983 claim seeking damages is not cognizable if a judgment in favor of the plaintiff would 'necessarily imply the invalidity' of the plaintiff's conviction or sentence, unless that conviction or sentence 'has been reversed on direct

---

[4] Plaintiff has also filed a letter with the Court advising it that he is in possession of "two (2) forms of evidence that are not part of the Court record and could possibly show that 'racketeering' charges be brought." Dkt. No. 18. Plaintiff has requested that the DOJ do a RICO investigation into this case. This Court's review of the R&R and plaintiff's objections, however, are limited to the allegations contained in the complaint. Discovery has not begun. Further, this Court is unable to direct the Executive Branch to conduct and investigation. Plaintiff may, however, report a crime or submit a complaint to the Department of Justice if he believes he has evidence of a crime.

[5] Plaintiff has also filed with the Court a copy of a letter filed with the NYS Attorney Grievance Committee concerning plaintiff's trial and appellate counsel. Dkt. No. 19. However, plaintiff's grievance has not resulted in the reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's writ of habeas corpus. Thus, plaintiff's grievance does not warrant disturbing Judge Evangelista's conclusions in the R&R. *See infra.*

appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus.'").  The Court also agrees with Judge Evangelista that plaintiff's sixth cause of action should be dismissed because the complaint does not set forth plausible Eighth Amendment violations.  Finally, the Court agrees with Judge Evangelista that the Eleventh Amendment bars plaintiff's claims against defendants in their official capacities for money damages.

In sum, and having considering plaintiff's objections, the Court will accept and adopt Judge Evangelista's R&R in all respects.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 15) is ACCEPTED;

2.  Plaintiff's second amended complaint (Dkt. No. 12) is DISMISSED;

3.  Plaintiff's first cause of action, alleging claims against Lewicki in his individual capacity for violations of his procedural due process and unreasonable search and seizure and against Martin, Dupras, Brownell, and Carey in their individual capacities for excessive force, unreasonable search and seizure, malicious prosecution, false imprisonment, due process, equal protection violations, and conspiracy to commit all such constitutional violations, is DISMISSED with prejudice;

4.  Plaintiff's second cause of action, alleging claims against Lewicki in his individual capacity for stigma plus defamation, purportedly pursuant to the Fifth and Fourteenth Amendments, is DISMISSED without prejudice;

5.  Plaintiff's third cause of action, alleging claims against Zurlo, Brady, and Dziamba in their individual capacities for malicious prosecution, is DISMISSED without prejudice;

6.  Plaintiff's fourth cause of action, alleging claims against Lewicki, Martin, Dupras, Brownell, and Carey in their individual capacities for unreasonable search and seizure, excessive force, malicious prosecution, due process, and false imprisonment, is DISMISSED without prejudice;

7.  Plaintiff's fifth cause of action, alleging claims against Zurlo in his individual capacity for violations of his due process rights, his Eighth Amendment rights, and double jeopardy, is DISMISSED with prejudice;

8. Plaintiff's sixth cause of action, alleging claims against Zurlo in his individual capacity and the County for violations of his Eighth Amendment rights, is DISMISSED with prejudice;

9.  Plaintiff's claims against all individual defendants in their official capacities for monetary damages are DISMISSED with prejudice;

10.  Plaintiff's state-law defamation claim is DISMISSED without prejudice; and

11.  Plaintiff's request that the Court consider a decision in a small claims arbitration case (Dkt. No. 13) is DENIED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  May 21, 2025
        Utica, New York